UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHWA AARON WINTRODE,<br><br>                Plaintiff,<br><br>   v.<br><br>LT. HOGAN; JAIL ADMINISTRATION; and TWIN FALLS COUNTY JAIL,<br><br>                Defendants. | Case No. 1:24-cv-00176-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Joshwa Aaron Wintrode is proceeding pro se and in forma pauperis in this civil rights action. When Plaintiff filed his initial complaint, he was an inmate in the Twin Falls County Jail. The Court previously reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915 and 1915A, determined it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. (*See Initial Review Order*, Dkt. 7). Plaintiff has now filed an Amended Complaint. (Dkt. 9). The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Amended Complaint, the Court concludes Plaintiff has failed to remedy the deficiencies in the initial complaint and will dismiss this case under 28 U.S.C. §§ 1915 and 1915A.

1.     **Request for Appointment of Counsel**

Plaintiff seeks appointment of counsel. (*Am. Compl*. at 3). Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr*., Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and to protect his interests to date. Additionally, as explained below, the Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court denies Plaintiff's Motion for Appointment of Counsel.

**2.      Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**3.      Factual Allegations**

In his Amended Complaint, Plaintiff repeats his overly vague allegations, first set forth in the initial complaint, that Defendants have ignored violations of his civil rights:

> Lt. Hogan and the Jail Administration have ignored every issue I have tried to bring to their attention, weather [sic] it be about medical ignoring me and not providing me treatment for any of my serious medical needs. Violations of my various civil rights, my allergy to the indigent shampoo, or my right to practice my religious beliefs, and diet appropriation.

(*Am. Compl*. at 2).

In addition to these generalized statements, Plaintiff has added the following allegations:

- Twin Falls County Jail deputies are poorly trained or untrained, and this lack of training "directly resulted in the further serious injury of [Plaintiff's] back, neck, shoulder, feet, ear, headaches, and jaw pain."

- Jail medical personnel failed to treat Plaintiff's conditions, "result[ing] in further significant injury and caused further unnecessary and wanton infliction of pain."

- Plaintiff's daily activities were affected, and he suffered chronic and substantial pain.

- Unidentified defendants "never provided [Plaintiff] with shampoo [he] could use even though [he] was allergic to the indigent shampoo."

- Plaintiff was unable to freely practice his religion at the jail.

(*Id*. at 4–6).

**4.      Discussion**

    *A.      Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The Court thoroughly set forth the standards of law applicable to Plaintiff's § 1983 claims in the Initial Review Order and incorporates them here.

Plaintiff has not plausibly alleged any Defendant violated his constitutional rights. The Amended Complaint contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which the Court need not accept as true under Rule 8 or §§ 1915 and 1915A. *Iqbal*, 556 U.S. at 678. For example, although Plaintiff states his religious

rights were violated, the Complaint says nothing about Plaintiff's religious beliefs or the conduct that allegedly violated his religious rights. *See, e.g., Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008) (inmate's belief must be sincerely held and rooted in religious belief to state a free exercise claim); *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989) (burden placed on the inmate's religious exercise must be substantial).

Similarly, although Plaintiff complains about jail medical treatment, he does not allege any facts supporting his claim that his treatment was inadequate. Finally, Plaintiff does not disclose how long he had to go without shampoo, nor does he describe the allergy, or its symptoms, that allegedly prohibited him from using the shampoo the jail provided him. *See, e.g.*, *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (pretrial detainee alleging unconstitutional conditions of detention must plausibly allege that defendant's conduct with respect to jail conditions put plaintiff at substantial risk of suffering serious harm and that defendant did not take reasonable available measures to abate that risk).

For these reasons, the Amended Complaint does not state a plausible § 1983 claim.

**B.     *Section 1985 and 1986 Claims***

Plaintiff continues to assert claims under 42 U.S.C. §§ 1985 and 1986 without alleging a racial or class-based discriminatory animus or any facts reasonably supporting an inference that Defendants conspired to violate Plaintiff's rights. Both of these elements are required for such claims. *See Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982); *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990), *superseded by rule on other grounds as stated in Harmston v. City & Cnty. of San Francisco*, 627 F.3d 1273 (9th Cir. 2010). Plaintiff's §§ 1985 and 1986 claims are implausible under *Iqbal*.

### C.     State Law Claims

Plaintiff also asserts state law claims of negligence, but he has not described any particular action taken by any particular Defendant that allegedly constituted a breach of the duty of care. *See McDevitt v. Sportsman's Warehouse, Inc.*, 255 P.3d 1166, 1169 (Idaho 2011) (elements of a negligence claim under Idaho law are "(1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage"). As a result, Plaintiff's negligence claims are implausible and must be dismissed.

**5.     Conclusion**

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1.     Plaintiff's Motion to Review the Amended Complaint (Dkt. 8) is GRANTED.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 7), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: October 2, 2024

Amanda K. Brailsford
U.S. District Court Judge

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 7